IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

M. NORMAN ANDERSON, et al.,

        Plaintiffs,

v.                                No. CIV 06-1155 BB/LFG

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC., a Delaware corporation,

        Defendant.


MEMORANDUM OPINION
AND
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS


THIS MATTER is before the Court on *Defendant's Motion to Dismiss* [doc. 4] Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12 and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb *et seq*. For the reasons outlined herein, the Court finds the motion has legal merit and must be Granted.

*Discussion*

*Background Facts*

This is the latest in a long line of cases deriving from the demise of Solv-Ex Corporation ("Solv-Ex"). *See SEC v. Solv-Ex Corp.*, 101 Fed. Appx. 271 (10th Cir. 2004). The present claim derives from stock pledged to Defendant Merrill Lynch, Pierce, Fenner & Smith ("Merrill") by John Rendall, founder, former CEO and Chairman of Solv-Ex, as collateral for a loan. Mr. Rendall failed to repay the loan on demand and Merrill sold the pledged stock. Subsequently, Solv-Ex declared bankruptcy. Plaintiffs in this action are approximately 120

people who allege they owned Solv-Ex stock when Defendant sold Rendall's pledged stock. Plaintiffs do not allege any direct relationship with Merrill,[1] but state causes of action under New Mexico common and statutory law alleging material misrepresentations induced Rendall to pledge his stock and that Merrill then wrongfully flooded the market with Rendall's foreclosed shares.  In the alternative, Plaintiffs seek equitable relief by means of a bill of discovery.  Defendant challenges the existence of a bill of discovery as a cause of action and alleges Plaintiffs' action is a "covered class action" alleging misrepresentations or omissions of material facts and a manipulative scheme in connection with the purchase or sale of a covered security and therefore barred by SLUSA.  15 U.S.C. § 78bb(f)(1); *Merrill Lynch, Pierce, Fenner & Smith v. Dabit*, 547 U.S. 71 (2006).

### *Bill of Discovery as a Cause of Action*

Plaintiffs initially maintain SLUSA does not apply as they seek primarily equitable relief under a "bill of discovery."  Based on the results of such discovery, Plaintiffs request "the opportunity to amend (or withdraw) their claims as dictated by the facts discovered by means of a bill of discovery."  (Pls. Resp. 4).  They seek discovery to determine whether "[t]here may be legitimate reasons for Merrill Lynch's avid recruitment of Mr. Rendall's business and 2.61 million Solv-Ex share pledge and for its abrupt unexplained payment demand and corresponding liquidation ...."  (Compl. ¶ 153).  Moreover, Plaintiffs argue "that an equitable bill of discovery is not virtually identical to any federal claim falling with the scope of SLUSA and thus falls outside the reach of SLUSA."  (Pls. Resp. 6).

---

[1]     Due to the disposition under SLUSA, the Court need not address Defendant's standing argument.

Defendant argues that New Mexico does not recognize an 'equitable bill of discovery' and bases this on Plaintiffs' concession that they "found no reported use by a New Mexico court of any equitable bill of discovery."  (Def. Reply 8 citing Pls. Resp. 18).  In fact, the equitable bill of discovery was a well established practice in the New Mexico territorial courts. *See Board of County Com'rs of San Miguel County v. Pierce*, 28 P. 512 (N.M. Terr. 1892); *De Cordova v. Korte*, 41 P. 526 (N.M. Terr. 1895).  It was also a recognized equitable procedure following statehood.  *See Lopez v. Lopez*, 204 P. 75 (N.M. 1922).

The real question here, however, is whether the equitable bill of discovery survived the adoption of the New Mexico Rules of Civil Procedure.  The compiler's Note to Rule 1-002 NMRA specifically states, "These rules are deemed to have superceded generally 105-102, (Cum. Supp. 1929) relating to equitable proceedings in aid of actions at law."  This would seem to be a recognition of the demise of the statutory authority on which the equitable bill of discovery operated in New Mexico.  *See, e.g., Lopez v. Lopez*, 204 P. at 76 (recognizing the bill of discovery as deriving from section 4068 of the Code of 1915, the predecessor to 105-102).  This conclusion is reinforced by the fact the New Mexico Rules of Civil Procedure were directly derived from, and generally adopted the language of, the Federal Rules of Civil Procedure. *Harbin v. Assurance Co. of Am.*, 308 F.2d 748 (10th Cir. 1962); *Prager v. Prager*, 461 P.2d 906 (N.M. 1969).  Under the Federal Rules of Civil Procedure, this Court's jurisdiction over an equitable cause of action based on a bill of discovery is certainly doubtful.  *Amand v. Pennsylvania R. Co.*, 17 F.R.D. 290 (D.N.J. 1955); *cf. Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993) (although federal courts have certain equitable powers to issue a bill of discovery in aid of execution, there is no general power to

3

order a party beyond the court's jurisdiction to produce documents unless a party to a pending action).  Fortunately, legal precedent under SLUSA directly addresses this issue and makes it unnecessary to resolve the question in the abstract.

1.    *Covered class action*

SLUSA provides, in relevant part:

No covered class action based on the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -

(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).  The four basic elements that must exist for SLUSA to apply, then, are: (1) the underlying suit must be a "covered class action"; (2) the action must be based on state or local law; (3) the action must concern a "covered security"; and (4) the defendant must be alleged to have committed "a misrepresentation or omission of a material fact" or "employed a manipulative or deceptive device or contrivance  in connection with the purchase or sale of a covered security."  15 U.S.C. § 78bb(f)(1); *Dabit*, 547 U.S. at 71.

Plaintiffs initially challenge whether their action is a "covered class action" because it seeks the equitable bill of discovery as an alternative to their damage prayer.  Plaintiffs contend this is "the first case to Plaintiffs' knowledge in which a [sic] claims for equitable relief in the form of an equitable bill of discovery has been challenged under SLUSA."  (Pls. Resp. 5).  While other plaintiffs may not have used the "bill of discovery" nomenclature, they have

4

filed equitable actions seeking equitable discovery in hope of eventually recovering damages. Several courts have specifically rejected Plaintiffs' argument that SLUSA permits an equitable action to engage in discovery so long as no damages are sought. *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598 (D. Del. 2002); *Bertram v. Terayon Commc'ns Sys., Inc.*, 2001 WL 514358 (C.D. Cal.); *cf. Feitelberg v. Merrill Lynch & Co.*, 234 F. Supp. 2d 1043 (N.D. Ca. 2002), *aff'd* 353 F.3d 765 (9th Cir. 2003); *but see Wald v. C.M. Life Ins. Co.*, 2001 WL 256179 (N.D. Tex.). The rationale for barring exclusively equitable discovery to facilitate further amendments was set out in *Gibson v. PS Group Holdings, Inc.*, 2000 WL 777818 (S.D. Cal.):

> A rule allowing a class action plaintiff to defeat removal by filing an amended complaint that omits a prayer for damages would eviscerate the Uniform Standards Act [SLUSA]. Under Plaintiff's theory, a class action plaintiff could file a state court complaint seeking only injunctive and declaratory relief, avoid removal to federal court, pursue massive discovery in state court, then amend its complaint at a later date to add a prayer for compensatory damages. To avoid circumvention of the Reform Act, the structure and legislative history of the Uniform Standards Act suggest that district courts should construe the covered class action definition broadly to avoid giving effect to such attempts at manipulation.

Slip op. at 3. Plaintiffs attempt to circumvent application of SLUSA by seeking an equitable bill of discovery as a predicate to future amendments seeking additional recovery must therefore fail.

Plaintiffs next posit that SLUSA does not apply because their complaint does not present a "covered class action" but is rather a derivative action on behalf of Solv-Ex. They contend "[o]ne of the alterative forms of relief requested by Plaintiffs in this Response is that they be permitted to amend their Complaint to state an exclusively derivative action against Merrill Lynch and that upon doing so, the Court removed [sic] the case to state court." (Pls.

5

Resp. 8).  **Initially, Plaintiffs have not attached a proposed amended complaint to their Response as is required by this District's local rules.  D.N.M.LR-Civ 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.").  Nor do they explain how they will be able to meet the requirements for filing an exclusively derivative action under Rule 23.1 of the Federal Rules of Civil Procedure.  Moreover, Plaintiffs are again not the first to unsuccessfully seek refuge from SLUSA in the "derivative action" harbor and they fail to offer any enlightenment on how they could pursue the required "exclusively derivative action" on these facts.  *See Proctor v. Vashay Intertechnology Inc.*, 2007 U.S. Dist. LEXIS 14547 (N.D. Cal.) (dismissing complaint when derivative claims just a mirror of class action); *In re Franklin Mutual Funds Fee Litig.*, 2007 U.S. Dist. LEXIS 17353 (D.N.J.); *Boyce v. AIM Mgmt. Group, Inc.*, 2006 U.S. Dist. LEXIS 71062 (S.D. Tex.); *cf. In re Crompton Corp.*, 2005 WL 3797695 (D. Conn.) (state derivative action stayed pending SLUSA decision).**

**Even if Plaintiffs could show they had received permission to represent the Solv-Ex corporate interest,[2] in New Mexico a shareholder is not authorized to recover for injuries done to the corporation.  *Marchman v. NCNB Texas Nat'l Bank*, 898 P.2d 709 (N.M. 1995).  Indeed, the New Mexico Court of Appeals specifically rejected Mr. Rendall's argument[3] that he had standing to recover on a claim asserted against Merrill's co-third-party defendants in the**

---

[2]        The standard for excusing a demand upon the corporate directors for derivative authority under Federal Rule of Civil Procedure 23.1 is governed by the law in the state of incorporation.  *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 97-99 (1991).

[3]        This is particularly significant to the facts in the present complaint as Plaintiffs allege that "Merrill Lynch ... irreparably harmed Mr. Rendall's financial and other interests and foreclosed Mr. Rendall's ability to pursue Solv-Ex's corporate opportunities." (Compl. ¶ 38 at 7-8).

6

*Murken*[4] class action. *Rendall v. Deutsche Morgan Grenfell, Inc.*, Nos. 25,541; 25,542; 25,543; 25,702; Mem. Op. (N.M. App. April 25, 2006).

Plaintiffs' attempt to escape SLUSA as an exclusively derivative action must fail.

2.      *Misrepresentation or Manipulative Devise*

Plaintiffs do not deny that their claims are based on New Mexico state law or that Solv-Ex was a "covered security" within the requirements of SLUSA.  They do, however, maintain that the complaint fails to allege Merrill "misrepresented or omitted a material fact or employed a manipulative devise or contrivance in connection with the purchase or sale of Solv-Ex" as SLUSA requires.  (Pls. Resp. 13).  They argue that although their "common law claims might facially resemble a federal securities fraud claim," the state actions do not require elements identical to those required for federal securities fraud.  (*Ibid.* 15).

Plaintiffs' argument is based upon a false syllogism.  They argue that since federal securities fraud claims require for example scienter, and that the New Mexico Securities Act contains no such requirement, SLUSA does not bar their state action.  However, it is not necessary that the state law claim line up exactly with the requirements of federal securities statutes to be barred by SLUSA.  *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334, 1346 (11th Cir. 2002); *Winne v. Equitable Life Assur. Soc.*, 315 F. Supp. 2d 404 (S.D.N.Y. 2003); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 643 (S.D. Tex. 2003); *In re Worldcom, Inc.*, 263 F. Supp. 2d 745, 769 (S.D.N.Y. 2003); *Feitelberg v. Merrill Lynch & Co.*, 234 F. Supp. 2d at 1049-50.

---

[4]      Many of the current Plaintiffs moved to intervene in the *Murken* class action, but their motion was denied as untimely.  Again, but for the SLUSA disposition, claims precluded under collateral estoppel would have to be addressed. *Ford v. New Mexico Dept. of Public Safety*, 891 P.2d 546 (N.M. App. 1994).

7

Rather than requiring scienter, SLUSA bars claims brought for the employment of a "manipulative or deceptive device" or "misrepresentation or the omission of a material fact." *Rowinski v. Salomon Smith Barney*, 398 F.3d 294, 300 (3d Cir. 2005); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1089-90 (11th Cir. 2002). Plaintiffs' allegations meet this SLUSA requirement. They allege that Merrill's acts and omissions "constitute a device, scheme or artifice to defraud Plaintiffs ..." (Compl. ¶ 174); that Merrill's acts and omissions "constitute a device, scheme or artifice to manipulate the market in Plaintiff's [sic] Solv-Ex common stock ..." (*Id.* ¶ 181); and that "Merrill Lynch made untrue statements of material fact and failed to state necessary material facts in circumstances under which the omission was misleading ..." (*Id.* ¶ 175).

Finally, Plaintiffs also allege that Merrill's alleged manipulations, omissions, and misrepresentations "were in connection with the purchase or sale of a covered security." Plaintiffs alleged Merrill "created active trading in the common stock of Solv-Ex and depressed the price of the stock for the purpose of inducing the purchase and sale of the Solv-Ex's stock by others ..." (*Id.* ¶ 180). Plaintiffs also plead Merrill "knew that its forcible liquidation of Mr. Rendall's shares of Solv-Ex stock would diminish the market value of ... Plaintiffs' shares of Solv-Ex common stock." (Compl. ¶ 169). In their Negligence Count, Plaintiffs further claim "[b]ecause of Merrill Lynch's acts and failures to act ..., Plaintiffs lost the opportunity to participate in the future appreciation of the market value of their [Solv-Ex] stock ...." (Compl. ¶ 186). This requirement of SLUSA is thus also met.

SLUSA evidences a congressional intent for broad removal authority of state securities actions and the application of a national standard to such actions. *Dabit*, 126 S. Ct. at 1514; William B. Snyder, Jr., COMMENT, THE SECURITIES ACT OF 1933 AFTER SLUSA: FEDERAL

CLASS ACTIONS BELONG IN FEDERAL COURT, 85 N.C.L. Rev. 669, 703 (2007). In every essential respect Plaintiffs have alleged the type of state law securities class action that SLUSA was designed to prevent. *Spencer v. Wachovia Bank*, 2006 U.S. Dist. LEXIS 52374 (S.D. Fla.); *Prager v. Knight Trading Group, Inc.*, 124 F. Supp. 2d 2000 (D.N.J. 2001); *Haney v. Pacific Telesis Group*, 2000 WL 33400194 (C.D. Cal.). While Plaintiffs herein make a valiant effort to recoup the losses of shareholders who may well have suffered damage in the cross wind of hype over Solv-Ex, their claims are clearly barred by SLUSA.

## O R D E R

For the above stated reasons, *Defendant's Motion to Dismiss* is GRANTED, and this action is DISMISSED with prejudice.

SO ORDERED this 4th day of April, 2007.

BRUCE D. BLACK
United States District Judge

For Plaintiffs:
Clinton W. Marrs, Michael W. Wile, VOGEL CAMPBELL & BLUEHER, Albuquerque, NM

For Defendant:
Robert A. Johnson, JOHNSON & NELSON, Albuquerque, NM
Charles A. Gall, Joel R. Sharp, Jonathan D. Neerman, JENKENS & GILCHRIST, Dallas, TX